Tommy SF Wang (SBN: 272409)
Edward Lu (SBN: 333657)
WANG IP LAW GROUP, P.C.
18645 E. Gale Ave., Suite 205
City of Industry, CA 91748
Telephone: (888) 827-8880
Facsimile: (888) 827-8880
Email: twang@thewangiplaw.com

Attorneys for Plaintiff,
EP Family Corp.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EP FAMILY CORP., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>CYCLINGDEAL USA, INC., a California corporation,<br><br>            Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff EP FAMILY CORP. ("Plaintiff") by and through its attorneys, for its Complaint against Defendant CYCLINGDEAL USA, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement of United States Patent No. 11,117,631 (the "'631 Patent").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3.      This Court has personal jurisdiction over Defendant because, on

information and belief, it is a California corporation with its principal place of business in this judicial district. Defendant has also filed reports and complaints, alleging infringement of the '631 Patent, against Plaintiff's business operating from this judicial district.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant is a California corporation with its principal place of business located in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## THE PARTIES

5.    Plaintiff is a corporation organized under the laws of the State of California, with its principal place of business located at 20687 Amar Rd, Ste 2-832, Walnut, CA 91748.

6.    On information and belief, Defendant is a corporation organized under the laws of the State of California, with its principal place of business located at 4532 Brooks St, Montclair, CA 91763.

## STATEMENT OF FACTS

**The Patent**

7.    The '631 Patent, entitled Bicycle Parking Rack, names Haidong Gu as the inventor and was issued on September 14, 2021. Defendant is the assignee of all right, title, and interest in the '631 Patent. Attached as **Exhibit 1** is a true and correct copy of the '631 Patent.

8.    The '631 Patent is directed to a bicycle parking rack that includes a rectangular base and at least two restriction members attached to the base. Each restriction member comprises two first sections and a connection section formed between the two first sections. Two support members are connected between the at least two restriction members, and each support member has a recess which accommodates a portion of a bicycle wheel. The restriction members restrict the

bicycle wheel between the restriction members. The '631 Patent includes seven (7) claims, one (1) of which is independent and six (6) of which are dependent claims.

**Existence of an Actual Controversy**

9.     There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§2201 and 2202.

10.     On or around July 8, 2025, Plaintiff received notice from Amazon (the "Notice") that Defendant had filed a report of patent infringement against Plaintiff, alleging that Plaintiff's bicycle rack product sold under ASIN B01NAWNYRK (the "Accused Product") infringes upon the '631 Patent.

11.     The Notice informed Plaintiff that the only options for reinstatement of the Accused Product were to seek retraction of the report from Defendant or pursue a federal action for declaratory relief within the twenty-one (21) days.

12.     As of the filing of this Complaint, Defendant has not retracted the patent infringement report and thus Plaintiff's only recourse is to pursue a federal action for declaratory relief.

13.     Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether the Accused Product infringes the '631 Patent.

14.     Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that the Accused Product infringes the '631 Patent, and thereby cause Plaintiff irreparable injury and damage.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

15.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

16.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

17. The Accused Product does not infringe, literally or under the doctrine of equivalents, any of the valid claims of the '631 Patent.

18. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding its Accused Product and the '631 Patent.

19. Plaintiff is entitled to a declaratory judgment that Plaintiff has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '631 Patent under 25 U.S.C. §271.

## COUNT II

### (Declaratory Judgment of Invalidity)

20. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the '631 Patent.

22. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the validity of '631 Patent.

*23.* Plaintiff is entitled to a declaratory judgment that the claims of the OKI Patents are invalid for failure to meet the Conditions for Patentability set forth in 35 U.S.C. § 101 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Adjudging that the Accused Product has not infringed, and is not infringing, either directly or indirectly, any valid and enforceable claim of the '631 Patent, in violation of 35 U.S.C. § 271;

2. Adjudging that each of the claims of the '631 Patent is invalid;

3. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or

participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that the Accused Product infringes any claims of the '631 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '631 Patent against Plaintiff or any customers, manufacturers, users, importers, or sellers of the Accused Product;

4.    Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

5.    That Defendant be ordered to pay all fees, expenses, and costs associated with this action;

6.    That Plaintiff be awarded such further legal and equitable relief as the Court deems just and proper.

Dated: July 29, 2025                    Respectfully submitted,

                                        */s/ Tommy SF Wang*
                                        Tommy SF Wang
                                        Edward Lu
                                        Attorneys for Plaintiff,
                                        EP Family Corp.

COMPLAINT
5